MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JORGE DAVIS, *individually and on behalf of others similarly situated,*

       *Plaintiff*,

   -against-

PERFORMANCE MEDICAL SERVICES PLLC (D/B/A PERFORMANCE HEALTH), MARVELL SCOTT, and SOPHIE SOTO

       *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

   Plaintiff Jorge Davis ("Plaintiff Davis" or "Mr. Davis"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Performance Medical Services PLLC (d/b/a Performance Health), ("Defendant Corporation") Marvell Scott, and Sophie Soto ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

   1. Plaintiff Davis is a former employee of Defendants Performance Medical Services PLLC (d/b/a Performance Health), Marvell Scott, and Sophie Soto.

   2. Defendants own, operate, or control sports medicine practices, located at 70 East 55th St New York, NY 10022, 274 Madison Ave New York, NY 10016, and 335 Chestnut Street,

Norwood, NJ 07648 (formerly 2 Blue Hill Plaza Pearl River, NY 10965) under the name "Performance Health".

3. Upon information and belief, individual Defendants Marvell Scott and Sophie Soto, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the sports medicine practices as a joint or unified enterprise.

4. Plaintiff Davis was an employee of Defendants.

5. Plaintiff Davis was employed as an X-Ray Technician, medical assistant, and phlebotomist at the sports medicine practices located at 70 East 55th St, 2nd Floor New York, NY 10022, 274 Madison Ave New York, NY 10016, and 335 Chestnut Street, Norwood, NJ 07648 (formerly 2 Blue Hill Plaza Pearl River, NY 10965).

6. At all times relevant to this Complaint, Plaintiff Davis worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

7. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Davis appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants' conduct extended beyond Plaintiff Davis to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davis and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

10. Plaintiff Davis now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Davis seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Davis's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate sports medicine practices located in this district. Further, Plaintiff Davis was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Jorge Davis ("Plaintiff Davis" or "Mr. Davis") is an adult individual residing in New York County, New York.

15. Plaintiff Davis was employed by Defendants at Performance Health from approximately April 2, 2015 until on or about January 8, 2018.

16. Plaintiff Davis consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     At all relevant times, Defendants own, operate, or control sports medicine practices, located at 70 East 55th St, New York, NY 10022, 274 Madison Ave New York, NY 10016, and 335 Chestnut Street, Norwood, NJ 07648 (formerly 2 Blue Hill Plaza Pearl River, NY 10965) under the name "Performance Health".

18.     Upon information and belief, Performance Medical Services PLLC (d/b/a Performance Health) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 70 East 55th St, New York, NY 10022.

19.     Defendant Marvell Scott is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Marvell Scott is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Marvell Scott possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Davis, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20.     Defendant Sophie Soto is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sophie Soto possesses operational control over Defendant Corporation, and/or controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Davis, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

21. Defendants operate sports medicine practices located in Manhattan, Pearl River, and New Jersey.

22. Individual Defendants, Marvell Scott and Sophie Soto, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and/or control significant functions of Defendant Corporation.

23. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24. Each Defendant possessed substantial control over Plaintiff Davis's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Davis, and all similarly situated individuals, referred to herein.

25. Defendants jointly employed Plaintiff Davis (and all similarly situated employees) and are Plaintiff Davis's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

26. In the alternative, Defendants constitute a single employer of Plaintiff Davis and/or similarly situated individuals.

27. Upon information and belief, Individual Defendant Marvell Scott operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

    b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c) transferring assets and debts freely as between all Defendants,

    d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

    e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

    f) intermingling assets and debts of his own with Defendant Corporation,

    g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

    h) Other actions evincing a failure to adhere to the corporate form.

28.   At all relevant times, Defendants were Plaintiff Davis's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Davis, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Davis's services.

29.   In each year from 2015 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.   In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the sports medicine practices on a daily basis such as medical equipment, are goods produced outside of the State of New York.

*Individual Plaintiff*

31. Plaintiff Davis is a former employee of Defendants who was employed as an X-ray technician, medical assistant, and phlebotomist.

32. Plaintiff Davis seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Jorge Davis*

33. Plaintiff Davis was employed by Defendants from approximately April 2, 2015 until on or about January 8, 2018.

34. Defendants employed Plaintiff Davis as an X-ray technician, medical assistant, and phlebotomist.

35. Plaintiff Davis regularly handled goods in interstate commerce, such as medical equipment and other supplies produced outside the State of New York.

36. Plaintiff Davis's work duties required neither discretion nor independent judgment.

37. Throughout his employment with Defendants, Plaintiff Davis regularly worked in excess of 40 hours per week.

38. From approximately April 2, 2015 until on or about January 8, 2018, during the months of November through March, Plaintiff Davis worked from approximately 7:00 a.m. until on or about 9:00 p.m. or 10:00 p.m., Mondays through Fridays (typically 70 to 75 hours per week).

39. However, throughout his employment, during the months of April through October, Plaintiff Davis worked an additional 30 to 50 hours per week (typically 100 to 125 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Davis his wages by direct deposit.

41. From approximately April 2, 2015 until on or about January 8, 2018, Defendants paid Plaintiff Davis $70,000 per year.

42. However, he was paid an additional $600 to $1000 per week during baseball season when he was required to travel for work ($200 per trip and approximately three to five trips per week).

43. Plaintiff Davis's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

44. For example, Defendants regularly required Plaintiff Davis to work additional hours and did not pay him for the additional time he worked.

45. More specifically, he was required to work an additional 30 to 50 hours per week during baseball season without the appropriate additional compensation.

46. Plaintiff Davis was rarely able to take a lunch break.

47. Plaintiff Davis was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

48. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Davis regarding overtime and wages under the FLSA and NYLL.

49. Defendants did not provide Plaintiff Davis an accurate statement of wages, as required by NYLL 195(3).

50. Defendants did not give any notice to Plaintiff Davis, in English and in Spanish (Plaintiff Davis's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

51. Defendants required Plaintiff Davis to purchase "tools of the trade" with his own funds—including uniforms and car lease payments.

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Davis (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

53. Plaintiff Davis was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

54. Defendants habitually required Plaintiff Davis to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

57. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Davis (and similarly situated individuals) worked, and to avoid paying Plaintiff Davis properly for his full hours worked.

58. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

59. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Davis and other similarly situated former workers.

60. Defendants failed to provide Plaintiff Davis and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

61. Defendants failed to provide Plaintiff Davis and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

62. Plaintiff Davis brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

63. At all relevant times, Plaintiff Davis and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

64. The claims of Plaintiff Davis stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

65. Plaintiff Davis repeats and realleges all paragraphs above as though fully set forth herein.

66. At all times relevant to this action, Defendants were Plaintiff Davis's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Davis (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

67. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

68. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

69. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Davis (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

70. Defendants' failure to pay Plaintiff Davis (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

71. Plaintiff Davis (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

72. Plaintiff Davis repeats and realleges all paragraphs above as though fully set forth herein.

73. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Davis overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

74. Defendants' failure to pay Plaintiff Davis overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Davis was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING
## REQUIREMENTS OF THE NEW YORK LABOR LAW

76. Plaintiff Davis repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants failed to provide Plaintiff Davis with a written notice, in English and in Spanish (Plaintiff Davis's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay

day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

78. Defendants are liable to Plaintiff Davis in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

79. Plaintiff Davis repeats and realleges all paragraphs above as though fully set forth herein.

80. With each payment of wages, Defendants failed to provide Plaintiff Davis with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

81. Defendants are liable to Plaintiff Davis in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### RECOVERY OF EQUIPMENT COSTS

82. Plaintiff Davis repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants required Plaintiff Davis to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

84. Plaintiff Davis was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Davis respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Davis and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Davis's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Davis and the FLSA Class members;

(e) Awarding Plaintiff Davis and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Davis and the FLSA Class members liquidated damages in an

amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Davis;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Davis's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Davis;

(j) Awarding Plaintiff Davis damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Davis damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Davis liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Davis and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Davis and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Davis demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

March 28, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:   /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

March 19, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:            Jorge Davis

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:        [signature]

Date / Fecha:             19 de Marzo de 2018

*Certified as a minority-owned business in the State of New York*